UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| MARK BUTLER, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 3:14-CV-112 |
| § | |
| RLB CONTRACTING, INC., § | |
| § | |
| Defendant. § | |

### **MEMORANDUM AND ORDER**

This case arises from a tragic circumstance—the death of Plaintiff Mark Butler's daughter, which allegedly resulted after a collision on the Anahuac Channel between his boat and a pipe line attached to a dredge owned by Defendant RLB Contracting, Inc. Butler initially filed suit against RLB in Chambers County state court in June 2012, asserting several claims, including negligence, wrongful death, and loss of consortium. RLB then filed a limitation of liability action in this Court in December 2012, which the Court dismissed on limitation grounds in February 2014. Exactly 30 days after that denial, RLB filed its notice of removal of the state court action. Butler now asserts that RLB's removal was untimely and that this case should therefore be remanded.

**I.   WAS THE REMOVAL TIMELY?**

Butler initially argued that this case should be remanded for lack of subject-matter jurisdiction. Docket Entry No. 3 ¶ 10. However, after the Court instructed

RLB to address whether the removal to federal court was timely, Butler has made that issue—the timeliness of the removal—the focal point of his remand motion. *See* Plf's Reply to Response to Motion to Remand, Docket Entry No. 7 at 5 (concluding, without addressing the existence or absence of subject-matter jurisdiction, that "[d]ue to RLB's untimely removal, this case should be remanded.").

The Court unquestionably has subject-matter jurisdiction under general maritime law; the events that gave rise to Butler's claims occurred on navigable waters and have a substantial relationship to traditional maritime activity. *See Roth v. Kiewit Offshore Servs., Ltd.*, 625 F. Supp. 2d 376, 383 (S.D. Tex. 2008) (citing *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 531–32 (1995)). Butler's subject-matter jurisdiction argument—to the extent he still asserts it—is more properly characterized as a question of whether the case was removable. Resolving that issue would require the Court to interpret recent amendments to the federal removal statute. *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, § 105, Pub. L. No. 112–63, 125 Stat. 758. Prior to those modifications, which became effective in January 2012, the proposition that maritime claims were not removable was universally accepted. *See Romero v. International Terminal Operating Co.*, 358 U.S. 354 (1959). That certainty is gone; in its place is a hotly contested issue in maritime law. A federal district court

in this District was the first to hold that admiralty-only cases can now be removed to federal court.  *See Ryan v. Hercules Offshore, Inc.*, 945 F. Supp. 2d 772 (S.D. Tex. 2013); *see also Bridges v. Phillips 66 Co.*, 2013 WL 6092803, at *4–5 (E.D. La. Nov. 19, 2013) (agreeing with *Ryan* that general maritime claims can be removed to federal court).  But *Ryan* has been considered, and rejected, by a district court outside of this Circuit.  *See Coronel v. AK Victory*, --- F. Supp. 2d ----, 2014 WL 820270, at *3 (W.D. Wash. 2014) (holding that court did not have original jurisdiction over plaintiff's general maritime claims); *see also* David W. Robertson & Michael F. Sturley, *Recent Developments in Admiralty and Maritime Law at the National Level and in the Fifth and Eleventh Circuits*, -- TUL. MAR. L.J. --, Admiralty and Maritime Law Conference, at 51 (Oct. 18, 2013) (predicting that *Ryan* will not be accepted by the Fifth Circuit).  Though this case presents the same unresolved question addressed by those courts—whether a maritime case initially brought in state court is removable—the Court need not decide it here.  RLB's removal was untimely, and the case can thus be resolved on that basis.

Defendants normally must file a removal notice within 30 days after receiving "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(a).  The most salient exception to this 30-day deadline, which like other removal statutes is "subject to strict construction," *see Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir.

1997), is that defendants have 30 days to remove after receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). The typical case in which section 1446(b)(3) applies is when it becomes apparent only later in a case that the amount-in-controversy exceeds $75,000 or when the plaintiff amends state court pleadings to assert a federal claim. *See, e.g.*, *Elmer v. Northland Ins. Co.*, 2013 WL 3356881, at *3–4 (E.D. La. July 3, 2013) (restarting removal clock because defendant was unaware that plaintiff's potential damages exceeded jurisdictional limits until it received plaintiff's discovery responses); *Simmons v. Sabine River Authority of Louisiana*, 823 F. Supp. 2d 420, 426 (W.D. La. 2011) (stating that section 1446(b)'s thirty-day removal clock started when plaintiffs filed their first state petition to "explicitly assert federal claims").

In this case, there was no new pleading or other court filing that alerted RLB to the fact that this case implicated maritime jurisdiction; that was obvious from the time suit was filed in Texas state court in June 2012. What changed, according to RLB, was the case law—that is, the issuance of *Ryan*. RLB did not even file its removal within 30 days of the issuance of that decision, a delay that RLB attributes to the federal limitations action staying the state court proceedings until February 2014. Though the Court has doubts concerning whether the federal limitations suit

barred RLB from removing this case, it has a more fundamental concern with RLB's argument: this case was first removable in June 2012, when it was initially filed and long before the stay, not in May 2013, when *Ryan* was issued.

RLB's argument that *Ryan* gave them a new 30-day clock is at odds with section 1446(b)(3)'s text and the overwhelming majority of decisions interpreting it.  Section 1446(b)(3) provides that: "If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Multiple terms in this statute demonstrate that documents triggering this rule are ones filed in the lawsuit being removed. "Receipt by the defendant" and "through service or otherwise" indicate a document that will be served on the defendant in the lawsuit, which court opinions in other cases are not.  And, under the canon of *ejusdem generis* (that general words following specific ones should be interpreted to be of the same kind or class as the specific ones), "other paper" following "amended pleading," "motion," and "order" means those papers are ones that are part of the particular lawsuit.

This language has led courts to conclude that "court decisions in unrelated cases [do] not constitute 'orders' or 'other papers' under § 1446(b) and [are] not [] grounds for removal." *Green v. R.J. Reynolds Tobacco Co.*, 274 F.3d 263, 266–67

(5th Cir. 2001) (citing with approval eight district court cases, including *Lozano v. GPE Controls*, 859 F. Supp. 1036, 1038 (S.D. Tex. 1994), in which courts rejected the argument that new case law presented a new ground for removal). The Fifth Circuit has only recognized one exception to this general rule, and it does not apply here: a separate case that involves the same defendant, a similar factual situation, and a question of removal can constitute an "order" under section 1446(b). *Id.* at 268.

RLB relies on a case out of this Division, *Landry v. Cross Country Bank*, 431 F. Supp. 2d 682, 686 (S.D. Tex. 2003), for the proposition that under section 1446(b), a "clear statement of new law"—which in *Landry* was a recent Supreme Court case—makes a case removable.[1] But this "clear statement of new law" approach ignored *Green* and has not been adopted by other courts within or outside the Fifth Circuit. There are also sound policy reasons why new case law does not trigger a new period for removal. Allowing an unrelated judicial decision to make a pending case removable—regardless of how long it has been alive in state court—would undermine one of the main purposes of the 30-day limitation window: preventing a waste of resources. *See* 14C Charles A. Wright & Arthur R.

---

[1] RLB asserts that it is not arguing that *Ryan* is an "other paper" for purposes of removal under section 1446(b). Docket Entry No. 8 at 1. But what RLB therefore appears to be arguing—that there is a "clear statement of new law" exception to the general removal statute—lacks any support from the text of that statute. Furthermore, *Landry* explicitly held that the recent Supreme Court case at issue was an "other paper" that the defendant had received under section 1446(b). Thus, despite RLB's statement to the contrary, RLB's only plausible argument for the timeliness of its removal is that *Ryan* was an "other paper" under section 1446(b).

Miller, Fed. Prac. & Proc. Juris. § 3731 (4th ed.) ("The goal [of the 30-day removal window] is early resolution of the court system in which the case will be heard."). And it would provide improper cover for defendants who could have made timely and reasonable legal arguments in support of removal at the outset of the litigation. *See Lozano*, 859 F. Supp. at 838 (noting that even though a statute was not "judicially recognized as a basis for federal question jurisdiction at the time of defendants' original removal," the defendants "could still have ascertain[ed] the possible removability of this case."). Despite the dearth of case law interpreting the new removal statute's effect on maritime cases, the defendants in *Ryan* timely removed. *See Critchfield Physical Therapy, P.C. v. Taranto Grp., Inc.*, 2012 WL 1298361, at *3 (D. Kans. 2012) (noting that a recently issued, on-point Supreme Court decision did not make the pending case removable and that "[t]his defendant could have pursued removal on the basis that the defendant in [the Supreme Court decision] did, but chose not to.").

For these reasons, *Ryan* does not constitute a "paper" RLB received later in the case that would restart the removal clock. *See* 28 U.S.C. § 1446(b)(3).

## II.   COSTS

Butler has also moved for costs under 28 U.S.C. § 1447(c), which gives district courts discretion to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." The Supreme Court has

held that "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *see also Del Carmen Esparza v. Jozwiak*, 391 F. Supp. 2d 504, 508 (E.D. Tex. 2005) ("Courts do not . . . award costs simply because removal was improper.").

Given that (1) the law is unsettled regarding whether maritime claims are now removable; and (2) RLB supported its timeliness argument with *Landry*, a case out of this Division (even though the Court disagrees with its holding), the motion to remand was not objectively unreasonable. Exercising the considerable discretion courts have to award or deny costs—including attorney's fees—in these circumstances, the Court declines to award Butler's costs here. *See Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541, 541 n.5 (5th Cir. 2004) (stating that both award of attorney's fees and costs under § 1447(c) are subject to abuse of discretion standard and that award of costs are subject to particularly narrow appellate review).

## III. CONCLUSION

For the reasons explained above, Butler's Motion to Remand (Docket Entry No. 3) is **GRANTED** and this case is **REMANDED** to the 253rd Judicial District

Court of Chambers County, Texas.  However, Butler's request for reasonable and necessary fees, expenses, and costs is **DENIED**.

    **SIGNED** this 24th day of April, 2014.

                                          _____
                                                Gregg Costa
                                      United States District Judge